Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice, CA 90291
(310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADFORD PERRY, individually and doing business as STARFIELDSTUDIO, <br><br> Plaintiff, <br><br> v. <br><br> CALVIN BROADUS JR., an individual, doing business as SNOOP DOGG; and DOES 1-10, <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR COPYRIGHT INFRINGEMENT <br><br><br> <u>Jury Trial Demanded</u> |

Plaintiff Bradford Perry, individually and doing business as Starfieldstudio (hereinafter, "Perry") hereby prays for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

1

COMPLAINT

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Perry is an individual residing in New York.

5. Perry is informed and believes and thereon alleges that Defendant Calvin Broadus Jr. Is an individual residing in California doing business as "Snoop Dogg," including through his Instagram handle "@snoopdogg."

6. On information and belief, Perry alleges that Defendants DOES 1 through 10 (collectively, "DOE Defendants") (altogether with Calvin Broadus Jr., "Defendants") are other parties not yet identified who have infringed Perry's copyrights, have contributed to the infringement of Perry's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Perry, who therefore sues said DOE Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. On information and belief, Perry alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Perry's rights and the damages to Perry proximately caused thereby.

## CLAIMS RELATED TO THE INFRINGEMENT

8. Perry is a prolific and successful animator who created and owns original 3D animated work, including an original video depicting how many animals humans eat every year ("Subject Video"). A representative screen grab from the Subject Video and the URL at which it is available is set forth in **Exhibit A**.

9. Plaintiff has registered the Subject Video with the United States Copyright Office under Registration No. PA 2-429-526.

10. Prior to the acts complained of herein, Perry published the Subject Video including without limitation on his TikTok account via the handle "@starfieldstudio." Perry posted the Subject Video to TikTok with the intention that it be shared and disseminated by users across the platform as that is one of the primary ways Perry generates revenues as a professional animator, and it has in fact been widely shared and viewed over 7,500,000 times on TikTok.

11. Following Perry' publication of the Subject Video, Defendants copied, displayed, distributed, and/or otherwise used the Subject Video without license, authorization, or consent, including by displaying the Subject Video ("Infringing Video") without attribution or credit to Perry on Instagram via his handle "@snoopdogg." A true and correct screen capture of the Infringing Video is included in **Exhibit B** attached hereto.

12. Upon discovering the unauthorized use of the Infringing Video, Perry sent a Takedown Notice to the Defendant on or about February 1, 2024, pursuant to 17 U.S.C. § 512(c)(3) requesting for the Infringing Video to be removed.

13. In response to the Takedown Notice, Calvin Broadus Jr. removed the video from Instagram's platform, though removal of the Infringing post does not resolve the matter as the Defendant has obtained direct and indirect profits that he would not otherwise have realized but for his infringement of Perry's rights in the Subject Video.

14. Due to Defendants', and each of their, acts of infringement, Perry has suffered general and special damages in an amount to be established at trial.

15. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Perry's rights in the Subject Video. As such, Perry is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Perry's rights in the Subject Video in an amount to be established at trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each with Respect to Each Claim for Relief:**

    a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Perry's copyrights in the Subject Video, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Video from any print, web, or other publication owned, operated, or controlled by any Defendant;

    b. That Defendants, their affiliates, and employees be enjoined from filing false Section 512 Counter Notifications in regard to the Subject Video and be required to withdraw their Counter Notification;

    c. That Perry be awarded all profits of Defendants, and each of them, plus all losses of Perry, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. §§ 504, 512, 1203 and other applicable law;

    d. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Perry' intellectual property rights;

    e. That Perry be awarded his attorneys' fees as available under the Copyright Act U.S.C. §§ 505, 512, 1203 et seq.;

    f. That Perry be awarded his costs and fees under the above statutes;

    g. That Perry be awarded statutory and enhanced damages under the statutes set forth above;

    h. That Perry be awarded pre-judgment interest as allowed by law;

    i. That Perry be awarded the costs of this action; and

    j. That Perry be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: March 19, 2024

Respectfully submitted,

DONIGER / BURROUGHS

By:   */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
*Attorney for Plaintiff*

# Exhibit A

| Subject Video and URL |
|---|
| https://www.tiktok.com/@starfieldstudio/video/7322820145817193774  |

# Exhibit B

| Infringing Video and URL |
|---|
| https://www.instagram.com/p/C2YUU3fpml-/ |

