UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADFORD PERRY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALVIN BROADUS, JR.,<br><br>　　　　Defendant. | Case No. 2:24-cv-02212-SB-KS<br><br>ORDER TO SHOW CAUSE RE SERVICE |

　　　Plaintiff Bradford Perry filed the complaint in this copyright infringement action on March 19, 2024.  Dkt. No. 1.  On March 29, 2024, Plaintiff filed a proof of service stating that Defendant Calvin Broadus, Jr., dba Snoop Dogg, had been served through an authorized agent pursuant to California Code of Civil Procedure § 415.20.  It appears from the proof of service (POS) that Defendant was not properly served.

　　　Because Plaintiff brings this claim against Defendant as an individual, § 415.20(b) applies.  *See* Judicial Comment to Cal. Civ. Proc. Code § 415.20 (noting that subdivision (a) pertains to corporate and noncorporate entities while subdivision (b) applies to natural persons).  Section 415.20(b) permits substitute service if the defendant cannot be served with "reasonable diligence" by leaving a copy of the summons and complaint "at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address."  Cal. Civ. Proc. Code § 415.20(b).  Here, Plaintiff attempted to serve Defendant at Gerber & Co., Inc. c/o Selwyn Gerber (which appears to be an accounting firm).  Dkt. No. 11.  There is no indication in the record, however, that Gerber & Co. is Defendant's usual place of business or his usual mailing address.  Moreover, it does not appear that Plaintiff attempted to personally deliver the summons and complaint with reasonable diligence, which generally requires two or three attempts at service.  *See Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988).  Although the

process server checked the box stating that he attempted personal service on at least three attempts, the affidavit provided in support of the POS identifies only one attempt—the substituted service on Gerber & Co.  Thus, it appears that Plaintiff did not serve Defendant in accordance with § 415.20 because Plaintiff appears not to have served Defendant at an approved location, nor did Plaintiff attempt to personally serve Defendant with reasonable diligence before attempting substituted service.

     Accordingly, Plaintiff is ORDERED to show cause, in writing, by no later than May 7, 2024, whether service on Defendant was proper.  The Court will consider as an appropriate response to this order to show cause (OSC) the filing of proof of service that complies with Federal Rule of Civil Procedure 4.  Failure to timely respond to this OSC may be deemed consent to the dismissal without prejudice of Plaintiff's claims against Defendant.

Date: April 30, 2024

                                          Stanley Blumenfeld, Jr.
                                       United States District Judge